## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| LAURIE L. TARDIFF, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. 07-10-P-H |
| | ) | |
| KNOX COUNTY, et al., | ) | |
| | ) | |
| Defendants | ) | |

### *MEMORANDUM DECISION AND ORDER ON MOTION TO QUASH*

The plaintiff, Laurie L. Tardiff, moves to quash two subpoenas issued to non-parties by the defendants on the grounds that some of the documents sought are protected by the attorney-client privilege and/or the work product doctrine. I grant the motion in part.[1]

The subpoenas were served on Robert Stolt and Sumner Lipman, two of the three attorneys who represented the plaintiffs in a class action lawsuit brought in this court against Knox County in 2002 in which the plaintiff was initially the class representative. *See Dare v. Knox County*, Docket No. 02-251-P-C. The plaintiff's motion to withdraw as class representative in that case was granted, *id*. Docket No. 367, and she ultimately opted out of the class, *id*. Docket No. 396, in order to file the instant action. The plaintiff has filed a privilege log with respect to the documents she contends are protected from discovery, as required by Fed. R. Civ. P. 45(d)(2)(A). Privilege Log (attached to Docket No. 15).[2]

---

[1] The motion also refers to notices of deposition served on the two attorneys who were the recipients of the subpoenas at issue, Plaintiff Laurie L. Tardiff's Motion to Quash Subpoenas, etc. (Docket No. 15) ("Motion") at 1, but does not seek any relief with respect to those notices.

[2] At my request, the plaintiff has provided me with copies of all of the documents listed in the privilege log for my *in camera* review.

1

The burden is on the party invoking the attorney-client privilege to establish that it applies to each document at issue and that it has not been waived. *In re Keeper of Records (XYZ Corp.)*, 348 F.3d 16, 22 (1st Cir. 2003). Assuming *arguendo* that the plaintiff's one-sentence argument, Motion at 2, meets this standard, I will consider the defendants' contention that the plaintiff waived the privilege "concerning the broad subject matter of her state of mind and the terms of the settlement agreement [reached in the class action, which the defendants contend binds the plaintiff, thus barring this action]" by submitting directly to this court a letter, Exh. 1 to Defendants' Objection to Plaintiff's Motion to Quash Subpoenas ("Objection") (Docket No. 17); *see also* Document No. 343 in Docket No. 02-251-P-C, enclosing e-mails exchanged between her and Stolt and Lipman, Objection at 4-6. The defendants also argue that the privilege is overcome in this case because the plaintiff made "a knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment" at the judicial settlement conference in the class action case by "not fully reveal[ing] to her attorneys her belief that she was entitled to a greater measure of damages than other class members and that she intended to seek greater compensation from the settlement fund for her damages than other class members would receive; or . . . she and her attorneys intentionally, albeit implicitly, through omission represented that she would seek payout from the common settlement fund, that she remained qualified to act as Class Representative . . . and that she would not opt out of the common Settlement Fund[,]" Objection at 7-8, making the crime-fraud exception to the application of the attorney-client privilege applicable here.

Addressing the defendants' second argument first, I note that they rely on a definition of fraud in this context from the Northern District of New York. *Id*. at 7. In this circuit, the party who challenges the attorney-client privilege must present evidence "that the client was engaged in (or was planning) criminal or fraudulent activity when the attorney-client communications took place; *and* . . .

2

that the communications were intended by the client to facilitate or conceal the criminal or fraudulent activity." *In re Grand Jury Proceedings*, 417 F.3d 18, 22 (1st Cir. 2005) (emphasis in original; internal punctuation and citation omitted). In addition, "neither speculation nor evidence that shows only a distant likelihood of corruption is enough." *Id*. at 23. Here, only two of the entries on the privilege log are dated before the September 29, 2006 settlement conference at which the alleged fraudulent conduct took place. Docket No. 328. Those documents, entries 9 and 11 on the privilege log, cannot reasonably be construed to demonstrate an intent to mislead the defendants or that the plaintiff intended to claim payment from any source other than a common fund, to opt out of the class or to present herself as qualified to serve as class representative when she was in fact not qualified so to serve. The defendants offer nothing beyond speculation on this point. As the defendants note, the plaintiff did "objectively manifest[] an intent to be bound by the terms of the [s]ettlement [a]greement," Objection at 8, when she signed it on September 29, 2006. However, it is a matter very much still in question whether that document was a binding agreement at all. The record reflects, contrary to the defendants' assertion, *id*., that after September 29 the parties were not done with negotiations. *See, e.g.,* Docket Nos. 331, 333-36, 338-42, 345, 351, 357-58 in Docket No. 02-251-P-C. In addition, the record reflects, at best, that the plaintiff misunderstood the difference between a bonus for serving as class representative and an amount payable for her consequential damages, as well as the fact that her consequential damage award would not differ from that of other class members under the usual settlement procedures. It is the intent of the client at the relevant time that controls the application of the exception. *In re Grand Jury Proceedings (Violette)*, 183 F.3d 71, 79 (1st Cir. 1999). The crime-fraud exception to the attorney-client privilege is not applicable under the circumstances of this case.

The plaintiff agrees that the attorney-client privilege has been waived as to the communications she provided directly to the court. Plaintiff Laurie L. Tardiff's Reply to Defendants' Objection to

3

Plaintiff's Motion to Quash Subpoenas ("Reply") (Docket No. 19) at 1-2.[3] This concession is in line with the position taken by the court in this district. *United States v. Leland*, 370 F.Supp.2d 337, 346 n.12 (D. Me. 2005). She contends that her waiver extends no further. Reply at 2. However, "[i]t is well accepted that waivers by implication can sometimes extend beyond the matter actually revealed. Such waivers are almost invariably premised on fairness concerns." *XYZ Corp.*, 348 F.3d at 23-24. Subject-matter waiver "involves a judicial disclosure, that is, a disclosure made in the course of a judicial proceeding[,]" *id*. at 24, such as that made by the plaintiff in the class-action proceeding. If the judicial disclosure demonstrates a choice by the client to put privileged communications at issue, "only the revelation of all related exchanges will allow the truth-seeking process to function unimpeded." *Id*. The plaintiff's disclosure to this court demonstrated such a choice. I have therefore reviewed each of the contested documents for which the attorney-client privilege is asserted in the privilege log in order to determine whether each includes a related exchange.

The plaintiff invokes the attorney-client privilege alone only for the second entry in the privilege log. Privilege Log at [1]. I conclude that the material on this one-page document that is an e-mail from the plaintiff to attorney Stolt under date of September 30, 2006 is related to the subject matter of the materials submitted to the court by the plaintiff and therefore must be produced. The material appearing above that e-mail is not related and may be redacted. For entries 7, 8, 10, 17 and 18[4] in the log the plaintiff invokes the variously worded "settlement discussion confidentiality," "settlement conference privilege," and "settlement discussion privilege," Privilege Log at [2], privileges not mentioned in either of the plaintiff's memoranda of law. Because the burden is on the

---

[3] Counsel for the plaintiff is reminded that this court's Local Rule 7(e) requires that all memoranda of law be double-spaced.

[4] The documents submitted for *in camera* review were accompanied by a document entitled "Privilege Log Index." Comparison of that document to the privilege log provided to the defendants reveals that the plaintiff has added a claim of work-product doctrine protection to entries 7 and 8 and a claim of attorney-client privilege to entries 17 and 18 which do not appear in the privilege log provided to the defendants. The plaintiff may not add additional bases for non-production to those stated in her privilege log in this (*continued on next page*)

party invoking a privilege to establish its applicability, *see, e.g., In re Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n*, 439 F.3d 740, 750 (D.C. Cir. 2006) (settlement discussion privilege), I will not consider these claimed privileges further. The entire contents of entries 17 and 18 on the privilege log, for which only the "settlement discussion privilege" is claimed, must be disclosed. I note that a portion of entry 18 is identical to a portion of the judicial disclosure.

Entries 7 and 8 are Stolt's and Lipman's notes from the settlement conference. Only the attorney-client privilege was properly claimed for these documents. To the extent that they are legible, they do not appear to record attorney-client communications. On the showing made, they are accordingly discoverable.

A number of entries on the privilege log invoke the protection of the work-product doctrine, which protects from disclosure "materials prepared by attorneys in anticipation of litigation." *State of Maine v. United States Dep't of Interior*, 298 F.3d 60, 66 (1st Cir. 2002). A document fits within the doctrine if it "can be fairly said to have been prepared or obtained *because of* the prospect of litigation." *Id*. at 68 (emphasis in original; citation and internal punctuation omitted). "[T]he cases approach uniformity in implying that work-product protection is not as easily waived as the attorney-client privilege." *United States v. MIT*, 129 F.3d 681, 687 (1st Cir. 1997). "[O]nly disclosing material in a way inconsistent with keeping it from an adversary waives work product protection." *Id*. The First Circuit has not dealt with the question whether waiver of such protection extends to different but related documents. *Id*. at 688.[5] One federal court of appeals that has addressed this question concluded that "work product waiver is not a broad waiver of all work product related to the same subject matter like the attorney-client privilege. Instead, work-product waiver only extends to

---

manner. I disregard any basis for non-production that was not stated in the privilege log itself.

[5] The defendants also press their crime-fraud exception argument with respect to work-product protection. Objection at 13-14. Without addressing the question whether a client's disclosure can waive the protection otherwise afforded to an attorney's work (*continued on next page*)

'factual' or 'non-opinion' work product concerning the same subject matter as the disclosed work product." *In re EchoStar Commc'ns Corp*., 448 F.3d 1294, 1302 (Fed. Cir. 2006) (citations omitted). Other authority exists which supports the proposition that "disclosure of some documents does not destroy work-product protection for other documents of the same character." 8 C. Wright, A. Miller & R. Marcus, *Federal Practice & Procedure* § 2024 (2d ed. 1994) at 367 & cases cited therein. "Most cases . . . have found no waiver from disclosure." *Id*. at 369 & cases cited therein. In *MIT*, the First Circuit stated that "disclosure to an adversary, real or potential, forfeits work product protection" for "the very documents already disclosed." 129 F.3d at 687-88. While the First Circuit in *MIT* expressly disclaimed reaching any conclusion as to "when disclosure of one document warrants forfeiture of protection for a different but related document," *id*. at 688, I conclude that the majority position, as set forth by Wright, Miller and Marcus, is likely the position that the First Circuit would adopt. Thus, since the defendants have made no attempt to demonstrate substantial need for the particular subpoenaed documents that are work product and an inability without undue hardship to obtain their substantive equivalent by other means, *see* Fed. R. Civ. P. 26(b)(3), those documents that are properly deemed work product are not discoverable in this case.

The only entries in the privilege log which invoke only work-product protection are entries 5 and 6. These are not the documents disclosed by the plaintiff to the court, are properly characterized as work product and accordingly need not be produced.

The remaining entries in the privilege log invoke both the attorney-client privilege and the protection of the work-product doctrine. I will address each of them in turn.

---

product, I reject this argument for the same reasons I discussed in connection with the attorney-client privilege.

The material in the first entry is not an attorney-client communication. However, it is attorney work product and accordingly continues to be protected. The same is true of the materials in entries 3 and 4.

Entry 9 includes attorney-client communications, but the privilege has been waived by the plaintiff with respect to this material because it is related to the subject matter of the plaintiff's letter to the court and its enclosures. However, the work-product doctrine is also applicable to this material and prevents the discovery of all of the material in this two-page entry with the exception of the material beginning with the words "Original Message" on the second page of the entry.

Entry 10 includes attorney-client communications, but, as was the case with entry 9, the privilege has been waived by the plaintiff. However, the work-product doctrine applies to most of the material and prevents its disclosure with the exception of what appears to be two drafts of the same letter from the plaintiff to "Sumner and Bob" dated October 4, 2006. To the extent that the material in entry 11 differs from that included in previous entries, the same is true — the attorney-client privilege is applicable to some of the material but has been waived, but the work-product doctrine also applies and protects all of the material from discovery.

Contrary to the privilege log, the material included in entry 12 is not an attorney-client communication and thus not subject to the attorney-client privilege. It is, however, covered by the work-product doctrine, making it undiscoverable. The same is true of entry 13.

Entry 14 is an attorney-client communication for which the privilege has been waived. It must be disclosed. The same is true of the entries 15 and 16. The work-product doctrine does not apply to these entries.

Two of the documents included in entry 19 are public documents and cannot be transformed into something else merely because copies may have been exchanged between the plaintiff and an

7

attorney who represented her at some relevant time. These are the second and sixth pages of this entry; they must be disclosed. The third, fourth and fifth pages are communications between the plaintiff and her lawyer in another case. The attorney-client privilege has not been waived as to these materials by the plaintiff's judicial disclosures because the subject matter of these is at most only tangentially related to the subject matter of the disclosures. The first page of this entry is merely a fax cover sheet which conveys no substantive information. The first, second and sixth pages of this entry must be disclosed.

Entry 20 duplicates some of the pages of entry 19 and for those pages my ruling as to entry 19 applies. With respect to the second page of entry 20 — the only new material included in that entry — the letter from the plaintiff is not directed to an attorney and indicates that a copy was sent to Judge Carter of this court. Accordingly, to the extent that the attorney-client privilege might apply to this document, it has been waived. Contrary to the suggestion in the privilege log, this document cannot be considered attorney work product.

Entry 21 consists of documents that are included in earlier entries and on which I have already ruled. All but the first page of entry 22 are also duplicates of pages included in earlier entries. The first page appears to be an attorney-client communication, but its subject matter is directly related to the subject matter of the documents provided to the court by the plaintiff and any privilege has accordingly been waived. The page does not appear to be attorney work product.

Entry 23 is attorney work product as to which the protection of the work-product doctrine has not been waived. The same is true of entries 24 and 25.

The first four pages of entry 26 appear to be two copies of the same letter, using a different type face. The letter is an attorney-client communication, but because the subject matter relates to the subject matter of the plaintiff's judicial disclosure, the privilege has been waived. Portions of the

letter are attorney work product, specifically the seventh through the twelfth paragraphs. The work-product protection has not been waived as to those paragraphs, which may be redacted from each of the two versions of the letter before they are disclosed. The fifth and sixth pages of entry 26 are attorney work product as to which the protection has not been waived. The remaining pages of this entry must be produced; they are neither attorney-client communications nor attorney work product.

## Conclusion

For the foregoing reasons, the motion to quash is **GRANTED** in part and **DENIED** in part, as set forth in the body of this decision. Accordingly, the plaintiff shall produce the following to defendants no later than August 31, 2007 unless on or before that date they file an objection to this Order pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.1:

- All of privilege log entries 7-8 and 14-18.
- The part of entry 2 that comprises the e-mail from the plaintiff to attorney Stolt dated September 30, 2006.
- The material on page 2 of entry 9 beginning with the words "Original Message".
- The part of entry 10 consisting of two drafts of a letter from the plaintiff to "Sumner and Bob" dated October 4, 2006.
- Pages 1-2 and 6 of entry 19.
- Page 2 of entry 20 and any other portions of said entry containing material duplicative of material included in any other entries ordered herein to be produced.
- Any portions of entry 21 containing material duplicative of material included in any other entries ordered herein to be produced.
- Page 1 of entry 22 and any other portions of said entry containing material duplicative of material included in any other entries ordered herein to be produced.

- All of entry 26 with the exception of paragraphs 7-12 of the letter from attorney Lipman to the plaintiff dated October 10, 2006.

So ordered.

Dated this 21st day of August, 2007.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge